No. 794

PENN MUTUAL LIFE INS. CO. v. McGRAW

Ohio Appeals, 1st Dist., Butler Co.

No. 294.   Decided May 3, 1926

647. INSURANCE—Burden of proving that a policy of life insurance was fraudulently and falsely obtained upon the application and medical examination; and that the answers to questions propounded by the medical examiner were falsely answered, must be shown by company before the answers to the questions can be offered in evidence.

CUSHING, J.

Minnie McGraw, as beneficiary, sued the Penn Mutual Life Insurance Co. in the Butler Common Pleas on a policy of life insurance for $6000, the face of the policy. The Company claimed that the deceased and the beneficiary procured the policy to be issued by fraud, in that answers to certain questions asked by the medical examiner were false.

The application for insurance was made Aug. 25, 1923, the premium being paid Aug. 28th. McGraw died Jan. 30, 1924. Judgment of the lower court was in favor of the beneficiary to the extent of $6,360 with interest; and error was prosecuted. The Court of Appeals held:

1. The court read 9391 GC. to the jury, which provides that no answer made by an applicant for a policy shall bar the right to recover thereon or be used in evidence upon any trial to recover upon such policy, unless it be clearly proved that the answer was wilfully false, fraudulently made, that it is material and induced the company to issue the policy; that but for such answer the policy would not have been issued; and that the agent had no knowledge of the falsity of the answer.

2. In view of the charge of the court there can be no doubt that the jury determined there was neither falsity nor fraud on part of the deceased or plaintiff beneficiary in pro-

curing the policy; and this position is emphasized by the fact that a second medical examination was made and the company had more than three months thereafter to investigate and determine whether or not it would cancel the policy; which it did not do.

3. The company claims that the court erred in charging that the burden of proof was upon it to show that the policy was fraudulently and falsely procured.

4. The court in so charging did not commit error for 9391 GC. specifically provides that "no answer - - - - shall be used in evidence unless it be clearly proved that such answer is wilfully false, was fraudulently made, that it is material and induced the company to issue the policy."

5. It is necessary, under this statute, that the company must show that the answers of an applicant were false and fraudulently made before they can be offered in evidence.

Judgment affirmed.

Attorneys—C. W. Elliott, for Company; Clinton D. Boyd, for McGraw; both of Middletown.